DAVIS, Judge, concurring.
I concur in the result reached by the majority and in the bulk of its analysis. However, I write separately to note the areas of the majority's opinion as to which I disagree.
With regard to the trial court's denial of Defendant's motion to dismiss at the close of the evidence, I agree with the majority that because the evidence introduced during Defendant's case-in-chief did not in any way contradict the State's evidence, the trial court was required to consider Defendant's evidence in ruling on the motion to dismiss. For the reasons discussed by the majority, this evidence establishes that Defendant did not leave Mercadiez without adult supervision for the limited time period during which Defendant was not personally supervising Mercadiez because she had left to use the bathroom.
However, I do not join the majority's alternative analysis in which it determines that even if Defendant's evidence is not considered, Defendant would still be entitled to have her convictions vacated. To the contrary, I agree with the dissent that based exclusively on the State's evidence, the denial of Defendant's motions to dismiss would have been proper.
Furthermore, I part company with the majority on the appropriate definition of the phrase "by other than accidental means" in N.C. Gen. Stat. § 14-318.2(a). In my view, the manner in which the majority interprets this phrase would prevent a defendant from ever being convicted of N.C. Gen. Stat. § 14-318.2(a) on a theory of negligence, a result that cannot be squared with the plain language of this statutory provision or with our Court's recent decision in State v. Watkins , --- N.C.App. ----, 785 S.E.2d 175 (2016).
*144 Finally, while the issue is technically moot in light of our holding that Defendant's convictions must be vacated, I also agree with the section of the majority's analysis addressing whether-in the absence of our decision to vacate her convictions-Defendant would be entitled to a new trial due to the extent to which the State's arguments improperly focused on Sadie's death. Even assuming arguendo that the trial court did not err in deeming evidence of Sadie's death admissible pursuant to Rule 404(b) and not unduly prejudicial under the balancing test of Rule 403, this evidence was admitted for limited purposes by the trial court. However, in my view, the manner in which the Rule 404(b) evidence was actually used by the State in its arguments grossly exceeded these limited purposes for which the evidence was originally admitted. As the majority's analysis explains, it is difficult-if not impossible-to read the transcript and conclude that Defendant received a fair trial.